FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JUN 02 2020

JAMES W. McCORMACK, CLERK
By: ____
DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**CHRISTOPHER HUEY, Individually and on Behalf of All Others Similarly Situated** **PLAINTIFF**

This case assigned to District Judge Wright
and to Magistrate Judge Kearney

vs. No. 4:20-cv-685-SWW

**TRINITY PROPERTIES, LLC** **DEFENDANT**

**ORIGINAL COMPLAINT—COLLECTIVE ACTION**

COMES NOW Plaintiff Christopher Huey ("Plaintiff"), individually and on behalf of all others similarly situated, by and through his attorneys April Rhéaume and Josh Sanford of Sanford Law Firm, PLLC, and for his Original Complaint—Collective Action against Defendant Trinity Properties, LLC ("Defendant"), he states and alleges as follows:

## I. PRELIMINARY STATEMENTS

1. Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* ("AMWA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees, as a result of Defendant's failure to pay Plaintiff and all other hourly-paid employees a proper minimum wage and lawful overtime compensation for hours in excess of forty (40) hours per week.

2. Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendant has willfully and intentionally committed violations of the FLSA and the AMWA as described, *infra*.

## II. JURISDICTION AND VENUE

3. The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4. Plaintiff's claim under the AMWA forms part of the same case or controversy and arises out of the same facts as the FLSA claims. Therefore, this Court has supplemental jurisdiction over Plaintiff's AMWA claim pursuant to 28 U.S.C. § 1367(a).

5. Defendant conducts a business in this District and a substantial part of the events alleged herein occurred in this District.

6. The witnesses to minimum wage and overtime wage violations alleged in this Complaint reside in this District.

7. The acts complained of herein were committed and had their principal effect within in the Western Division of the Eastern District of Arkansas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

## III. THE PARTIES

8. Plaintiff is a citizen and resident of Pulaski County.

9. Defendant is a domestic limited liability company.

10. Defendant's registered agent for service is John Cogan Wade, at 111 Center Street, Suite 1320, Little Rock, Arkansas 72201.

11. Defendant maintains a website at https://trinitymultifamily.com/.

## IV. FACTUAL ALLEGATIONS

12. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated herein.

13. Defendant is an Arkansas company headquartered in Fort Smith that operates apartment complexes throughout Arkansas and the surrounding states.

14. Defendant's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of exercise taxes at the retail level that are separately stated) during each of the three (3) calendar years preceding the filing of this Complaint.

15. Defendant was at all times relevant hereto Plaintiff's employer, as well as the employer of the members of the proposed classes and is and has been engaged in the interstate commerce as that term is defined under the FLSA and the AMWA.

16. Within the past three (3) years preceding the filing of this Complaint, Defendant continuously employed at least four employees.

17. Plaintiff worked at Defendant's Chapel Ridge location in Jacksonville and at the Villas on Cantrell location in Little Rock.

18. Plaintiff and similarly situated employees worked as maintenance personnel for Defendant.

19. Defendant classified Plaintiff and similarly situated employees as non-exempt from the overtime requirements of the FLSA and the AMWA and paid Plaintiff an hourly wage.

20. At all material times, Plaintiff and similarly situated employees have been entitled to the rights, protection and benefits provided under the FLSA and the AMWA.

21. At all relevant times herein, Defendant directly hired Plaintiff and similarly situated employees to perform work on its behalf, paid them wages and benefits, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

22. Defendant exercises comprehensive control over the conditions of employment of its employees, including Plaintiff's employment.

23. Plaintiffs and similarly situated employees were employed as maintenance personnel and were responsible for maintenance, repair and general upkeep of Defendant's apartment complexes.

24. Plaintiff and similarly situated employees were scheduled regular hours, set by Defendant; however, Plaintiff and similarly situated employees were nearly always on call and frequently performed repairs and maintenance outside their regularly scheduled hours.

25. Plaintiff worked in excess of forty (40) hours per week on a regular, typical basis while working for Defendants.

26. Defendant regularly failed to pay Plaintiff and similarly situated employees for overtime hours worked.

27. Plaintiff and similarly situated employees were subject to a policy wherein their lunch period was auto-deducted from their paychecks, regardless of whether they had to work through lunch. Plaintiff and similarly situated employees worked through most of their lunches.

28. Defendant violated the FLSA and the AMWA by not paying employees for all hours worked.

29. Defendant does not reimburse employees for their actual expenses.

30. Defendant does not reimburse employees at the IRS standard business mileage rate.

31. Plaintiff and similarly situated employees were required to make trips

between locations, or to stores to pick up supplies. Plaintiffs and similarly situated employees had to purchase maintenance supplies several times a week from retail stores such as Home Depot and Mid-South Distributing Appliance.

32. As a result of the automobile and other job-related expenses incurred by Plaintiff and other similarly situated employees, the employees were deprived of minimum wages and/or overtime premiums guaranteed to them by the FLSA and AMWA.

33. Upon information and belief, Defendant's pay practices are uniform for all of their locations because the policy was a centralized human resources policy implemented uniformly from Defendant's principal office.

34. Defendant knew or showed reckless disregard for whether the way it paid Plaintiff violated the FLSA.

## V. REPRESENTATIVE ACTION ALLEGATIONS

35. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

36. Plaintiff brings this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons who were, are, or will be employed by Defendant as similarly situated employees at any time within the applicable statute of limitations period who are entitled to payment of the following types of damages:

A. Payment for a lawful minimum wage for all hours worked and overtime premiums for all hours worked for Defendant in excess of forty (40) hours in a workweek;

B. Liquidated damages; and

C. Attorney's fees and costs.

37. The relevant time period dates back three (3) years from the date on which the Original Complaint—Collective Action was filed and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a).

38. Plaintiff is unable to state the exact number of the potential members of the FLSA and AMWA collective and class but believe that the group exceeds forty (40) persons. Defendant can readily identify the members of the FLSA collective, who are a certain portion of the current and former employees of Defendant.

39. The proposed collectives of opt-in plaintiffs in this case are preliminarily defined as follows:

**All maintenance personnel employed during the three years preceding the filing of the Complaint.**

40. The members of the proposed FLSA Collective are similarly situated in that they share these traits:

A. They were classified by Defendant as non-exempt from the overtime requirements of the FLSA;

B. They were paid hourly rates;

C. They recorded their time in the same manner;

D. They performed the same or similar job duties;

E. They were subject to Defendant's common policy of denying pay for all hours worked, including overtime pay for some hours worked over forty (40) per week; and

F. They were subject to numerous other common policies and practices as described *supra*.

41. The names and physical and mailing addresses of the probable FLSA collective action plaintiffs are available from Defendant, and notice should be provided to the probable FLSA collective action plaintiffs via first class mail to their last known physical and mailing addresses as soon as possible.

42. The email addresses of many of the probable FLSA collective action plaintiffs are available from Defendant, and notice should be provided to the FLSA collective action plaintiffs via email to their last known email address as soon as possible.

43. The phone numbers of many of the probable FLSA collective action plaintiffs are available from Defendant, and notice should be provided to the probable FLSA collective action plaintiffs via text message to their last known phone number as soon as possible.

## VI. FIRST CLAIM FOR RELIEF
## (Individual Claim for Violation of FLSA)

44. Plaintiff repeats and re-alleges all the preceding paragraphs of this Original Complaint as if fully set forth in this section.

45. 29 U.S.C. § 207 requires employers to pay employees one and one-half (1.5) times the employee's regular rate for all hours that the employee works in excess of forty (40) per week.

46. Defendant classified Plaintiff as non-exempt from the overtime requirements of the FLSA.

47. Defendant failed to pay Plaintiff overtime as required under the FLSA.

48. Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

49. By reason of the unlawful acts alleged in this Complaint, Defendant is liable to Plaintiff for, and Plaintiff seeks, unpaid overtime wages, liquidated damages, and costs, including reasonable attorney's fees as provided by the FLSA.

50. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VII. SECOND CLAIM FOR RELIEF
## (Collective Action Claim for Violation of FLSA)

51. Plaintiff repeats and re-alleges all the preceding paragraphs of this Original Complaint as if fully set forth in this section.

52. Plaintiff brings this collective action on behalf of all similarly situated hourly-paid maintenance workers employed by Defendants to recover monetary damages owed by Defendant to Plaintiff and members of the putative collectives for failure to pay for all hours worked and failure to pay lawful overtime compensation for all the hours they worked in excess of forty (40) each week.

53. Plaintiff brings this action on behalf of himself and all hourly-paid maintenance workers, former and present, who were and/or are affected by Defendant's willful and intentional violation of the FLSA.

54. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay one and one-half times (1.5) regular wages for all hours worked over forty (40) hours in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

55. In the past three years, Defendant has employed more than forty (40) hourly-paid employees who were subject to Defendant's pay practices such as (1) auto-deducted lunches; (2) deliberately reducing recorded hours worked; (3) not being paid for on-call work; (4) not being paid for mileage for trips required by Defendant; and (4) not being paid a proper overtime premium.

56. Defendants' conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

57. By reason of the unlawful acts alleged in this Complaint, Defendant is liable to Plaintiff and all those similarly situated for, and Plaintiff and all those similarly situated seek, minimum wage for all hours worked, unpaid overtime wages, liquidated damages, and costs, including reasonable attorney's fees as provided by the FLSA.

58. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff and all those similarly situated as provided by the FLSA, Plaintiff and all those similarly situated are entitled to an award of prejudgment interest at the applicable legal rate.

**VIII. THIRD CLAIM FOR RELIEF**
**(Individual Claim for Violation of the AMWA)**

59. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

60. Plaintiff asserts his claims for damages and declaratory relief pursuant to the AMWA, Arkansas Code Annotated §§ 11-4-201, *et seq.*

61. At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

62. Section 211 requires employers to pay all employees a lawful minimum wage and one and one-half (1.5) times regular wages for all hours worked over forty (40) hours in a week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

63. Defendant failed to pay Plaintiff all minimum wages and overtime wages owed, as required under the AMWA.

64. Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

65. By reason of the unlawful acts alleged in this Complaint, Defendant is liable to Plaintiff for monetary damages, liquidated damages, costs, and a reasonable attorney's fee provided by the AMWA for all violations which occurred beginning at least three (3) years preceding the filing of the Complaint, plus periods of equitable tolling.

66. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the AMWA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## IX. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Christopher Huey respectfully prays that Defendant be summoned to appear and to answer herein as follows:

A. That Defendant be required to account to Plaintiff, the collective members, and the Court for all of the hours worked by Plaintiff and the collective members and all monies paid to them;

B. A declaratory judgment that Defendant's practices violate the FLSA and attendant regulations at 29 C.F.R. § 516, *et seq.;*

C. A declaratory judgment that Defendant's practices violate the AMWA and the related regulations;

D. Certification of, and proper notice to, together with an opportunity to participate in the litigation, all qualifying current and former employees;

E. Judgment for damages for all unpaid overtime compensation under the FLSA and attendant regulations at 29 C.F.R. § 516, *et seq.;*

F. Judgment for damages for all unpaid overtime compensation under the AMWA and the related regulations;

G. Judgment for liquidated damages pursuant to the FLSA and attendant regulations at 29 C.F.R. § 516, *et seq.*, in an amount equal to all unpaid overtime compensation owed to Plaintiff and members of the collective during the applicable statutory period;

H. Judgment for liquidated damages pursuant to the AMWA and the relating regulations in an amount equal to all unpaid overtime compensation owed to Plaintiff and members of the collective during the applicable statutory period;

I. An order directing Defendant to pay Plaintiff and members of the collective pre-judgment interest, reasonable attorney's fees and all costs connected with this action; and

J. Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**CHRISTOPHER HUEY, Individually and on Behalf of All Others Similarly Situated, PLAINTIFFS**

SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

April Rhéaume
Ark. Bar No. 2015208
april@sanfordlawfirm.com

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**CHRISTOPHER HUEY, Individually and on Behalf of All Others Similarly Situated** **PLAINTIFF**

vs. No. 4:20-cv-_____

**TRINITY PROPERTIES, LLC** **DEFENDANT**

**CONSENT TO JOIN COLLECTIVE ACTION**

I was employed as an hourly worker for Trinity Properties, LLC, within the past three (3) years. I understand this lawsuit is being brought under the Fair Labor Standards Act for unpaid wages. I consent to becoming a party-plaintiff in this lawsuit, to be represented by Sanford Law Firm, PLLC, and to be bound by any settlement of this action or adjudication by the Court.



**CHRISTOPHER HUEY**
June 2, 2020

**Josh Sanford, Esq.**
**SANFORD LAW FIRM, PLLC**
**One Financial Center**
**650 South Shackleford Road, Suite 411**
**Little Rock, Arkansas 72211**
**Telephone: (501) 221-0088**
**Facsimile: (888) 787-2040**
**josh@sanfordlawfirm.com**