# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**CHRISTOPHER HUEY, JUSTIN CHARLTON,**
**GARY LOONEY, and GEORGE LUCAS,**
**Each individually and on Behalf of All**
**Others Similarly Situated**                                              **PLAINTIFFS**

**v.**                         **Case No.: 4:20-cv-685-LPR**

**TRINITY PROPERTY MANAGEMENT, LLC**                         **DEFENDANT**

## ORDER

Before the Court is the parties' Joint Motion for Approval of Liability Settlement and Dismissal with Prejudice.[1] This is a Fair Labor Standards Act (FLSA) collective action with four named Plaintiffs and twelve opt-in Plaintiffs.[2] The parties are seeking an Order approving the agreed-upon resolution reached between them to release and resolve all claims relating to this case, except for attorneys' fees.[3]

Plaintiff Christopher Huey filed this lawsuit on June 2, 2020.[4] On October 16, 2020, Mr. Huey sought conditional certification of a collective action pursuant to 29 U.S.C. § 216(b).[5] On April 7, 2021 (before the Court ruled on Mr. Huey's request for certification), Mr. Huey amended his Complaint to add Justin Charlton, Gary Looney, and George Lucas as Plaintiffs.[6] On June 14,

---

[1] Doc. 48. The Court is unsure that review and approval of the settlement is necessary or appropriate here. *See Barbee v. Big River Steel, LLC*, 927 F.3d 1024, 1027 (8th Cir. 2019). The parties are also aware of the unsettled state of the relevant caselaw. *See* Joint Mot. for Approval of Settlement (Doc. 48) ¶ 9. The Court understands the reasonable desire of the parties for judicial review and approval of the settlement—a desire that flows directly from the unsettled nature of the relevant caselaw. Since both parties desire the Court's review and approval of the settlement, the Court will proceed with such review and (if warranted) approval.

[2] Joint Mot. for Approval of Settlement (Doc. 48) ¶¶ 3, 5.

[3] *Id.* ¶¶ 12–17. The parties "have yet to negotiate the attorneys' fees and costs to be paid to Plaintiffs' counsel" and "anticipate submitting fee briefing" later if they are unable to reach an agreement. *Id.* ¶ 16.

[4] Compl. (Doc. 1).

[5] Pl.'s Mot. for Conditional Certification (Doc. 15).

[6] Pls.' Second Am. Compl. (Doc. 23).

2021, the Court granted in part and denied in part the Motion for Conditional Certification.[7] Specifically, the Court narrowed Plaintiffs' proposed collective and ordered some changes to Plaintiffs' proposed notice-and-consent forms.[8] Plaintiffs issued notice-and-consent forms, and twelve individuals opted to join the case.[9] After pursuing discovery, counsel for the parties negotiated the settlement currently before the Court.[10]

Through the pending Motion (and during a hearing on this Motion), the parties stipulate that there is a *bona fide* dispute regarding Plaintiffs' entitlement to damages under the FLSA.[11] The Court agrees. While "Defendant maintains that Plaintiffs were paid properly for all hours worked,"[12] both sides understand the "uncertainties and risks . . . associated with further pleadings, discovery, a jury trial, and, potentially, an appeal."[13]

The proposed settlement is fair and reasonable. The parties stipulate that "each Plaintiff is receiving at least 75% of their best-case scenario damages as calculated by Plaintiffs' counsel."[14] The agreed-upon resolution was achieved in an adversarial context and is the result of an arm's-length negation between experienced counsel.[15] This negotiation occurred prior to and separate

---

[7] Order (Doc. 27).

[8] *Id.; see also* Order (Doc. 33).

[9] Joint Mot. for Approval of Settlement (Doc. 48) ¶ 5; *see also* Docs. 34–45.

[10] Joint Mot. for Approval of Settlement (Doc. 48) ¶¶ 6–8.

[11] *Id.* ¶ 15; May 16, 2022 Hr'g Tr. at 8–9.

[12] Joint Mot. for Approval of Settlement (Doc. 48) ¶ 2.

[13] *Id.* ¶ 12.

[14] *Id.* ¶ 14.

[15] *Id.* ¶ 12.

from any discussion of attorneys' fees and costs.[16] And, in the circumstances of this case, the releases and waivers are not overbroad.[17]

IT IS THEREFORE ORDERED that the settlement reached between the parties is APPROVED. This case is hereby DISMISSED with prejudice. The Court retains jurisdiction to enforce the terms of the settlement and to resolve any disputes over attorneys' fees and costs.

IT IS SO ORDERED this 17th day of June 2022.

_____
LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE

---

[16] *Id.* ¶ 16; May 16, 2022 Hr'g Tr. at 7–8.

[17] The Court was initially concerned about paragraph four of the proposed settlement. *See* May 16, 2022 Hr'g Tr. at 4–6. That is because paragraph four would have the effect of releasing any and all outstanding claims "concerning improper payment of wages" that the opt-in Plaintiffs have against Defendant, even if those outstanding claims were unrelated to the claims in this case. During the hearing on this Motion, Plaintiffs' counsel clarified that paragraph four will have no such effect because the twelve opt-in Plaintiffs have no other outstanding claims against Defendant. *Id.*