# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**CHRISTOPHER HUEY, et al.**                                                                **PLAINTIFFS**

**v.**                              **Case No. 4:20-CV-685-LPR**

**TRINITY PROPERTY MANAGEMENT, LLC**                                              **DEFENDANT**

## ORDER

Plaintiffs Christopher Huey, George Lucas, Gary Looney, and Justin Charlton brought this action under the Fair Labor Standards Act and the Arkansas Minimum Wage Act. The parties resolved the claims in this case with a Settlement Agreement and Release.[1] That Agreement did not resolve attorneys' fees and costs.[2] Plaintiffs now seek a court order awarding them $16,522.50 in attorneys' fees and $880.77 in costs.[3] The Motion is GRANTED in part and DENIED in part. For the following reasons, the Court awards $8,807.50 in fees and $880.77 in costs.

## BACKGROUND

On June 2, 2020, Mr. Huey filed the Original Complaint in this action alleging that Trinity Properties, LLC, failed to properly compensate him (and similarly situated employees) for overtime worked.[4] Two weeks later, Mr. Huey filed a First Amended and Substituted Complaint for the sole purpose of substituting Defendant Trinity Property Management, LLC, in place of Trinity Properties, LLC.[5] Defendant filed an Answer.[6] Shortly thereafter, three individuals filed

---

[1] Ex. 1 (Settlement Agreement & Release) to Joint Mot. for Approval of Liability Settlement (Doc. 48-1); Order (Doc. 53) (approving the Settlement Agreement & Release).

[2] Ex. 1 (Settlement Agreement & Release) to Joint Mot. for Approval of Liability Settlement (Doc. 48-1) at 2.

[3] Pls.' Mot. for Costs and Att'ys' Fees & Related Req. for Hr'g (Doc. 57) ¶ 6; Pls.' Reply in Supp. of Pls.' Mot. for Costs and Att'ys' Fees & Related Req. for Hr'g (Doc. 67) at 8–9.

[4] Compl. (Doc. 1) ¶¶ 44–66.

[5] First Am. & Substituted Compl. (Doc. 4) ¶ 1.

[6] Answer (Doc. 6).

consents to join the case.[7]

The parties filed a joint Rule 26(f) Report on September 4, 2020.[8] Just over a month later, Plaintiffs moved to certify a collective action.[9] Defendant opposed collective certification, and Plaintiffs replied.[10] Before the Court ruled on the certification motion, Plaintiffs filed a Second Amended and Substituted Complaint to add as named plaintiffs the three individuals who filed consents.[11] Then, the Court granted in part Plaintiffs' conditional certification motion.[12] The Court conditionally certified a collective that was narrower in geographic and temporal scope than the collective Plaintiffs had requested.[13] The Court also required Plaintiffs to revise their proposed Notice of Right to Join Lawsuit, Consent to Join Collective Action, and Reminder Postcard.[14] After Plaintiffs made the ordered revisions, the Court approved these documents.[15] Plaintiffs sent notices to potential members of the collective. And twelve more individuals opted-in to the lawsuit.[16]

---

[7] Consent to Join Justin Charlton (Doc. 10); Consent to Join Gary Looney (Doc. 11); Consent to Join George Lucas (Doc. 12).

[8] Rule 26(f) Report (Doc. 13).

[9] Pls.' Mot. for Conditional Cert., Disclosure of Contact Info., & to Send Notices (Doc. 15).

[10] Def.'s Resp. in Opp'n (Doc. 19); Pls.' Reply in Supp. (Doc. 20).

[11] Second Am. & Substituted Compl. (Doc. 23) ¶ 1 (adding Justin Charlton, Gary Looney, and George Lucas as named plaintiffs). The Court had granted Plaintiffs leave to file the Second Amended and Substituted Complaint after Plaintiffs made an unopposed motion for such relief. Unopposed Mot. for Leave to File Second Am. & Substituted Compl. (Doc. 21); Order (Doc. 22).

[12] Order (Doc. 27).

[13] *Id.* at 10.

[14] *Id.* at 10–14.

[15] Order (Doc. 33) (approving notices "subject to" three minor changes).

[16] Consent to Join Ashley A. Moore & Timothy Simmons (Doc. 34); Moore Withdrawal of Consent to Join (Doc. 35); Consent to Join Casey Ketchum (Doc. 36); Consent to Join Dedrick Beard (Doc. 37); Consent to Join Kenneth A. O'Neil (Doc. 38); Consent to Join Leah Falicia Johnson (Doc. 39); Consent to Join Tavaris Porter (Doc. 40); Consent to Join Soreya Colin De Gonzalez (Doc. 41); Consent to Join Carl L. Holden and Christy M. Scruggs (Doc. 42); Consent to Join Cynthia L. Parker (Doc. 43); Consent to Join Cedric A. Hampton (Doc. 44); Ex. 1 (Consent to Join Nehemiah Abdullah) to Notice of Agreed Filing of Late Consent (Doc. 45-1).

The parties only engaged in written discovery. This included initial disclosures, written interrogatories, and requests for production of documents.[17] No depositions were taken.[18] On November 15, 2021, the parties notified the Court of their intent to settle the case.[19] Two weeks later, they filed a joint motion for approval of their settlement agreement.[20] The Court set a hearing on the motion.[21] At the hearing, the Court indicated it would approve the settlement in a subsequent order.[22] It did so and then entered judgment dismissing the case.[23]

Following the entry of judgment, the parties sought referral to a magistrate judge for a settlement conference regarding fees and costs.[24] The Court denied that Motion, noting that such a conference would not be "a wise use of the Magistrate Judge's time."[25] Plaintiffs' counsel, Sanford Law Firm (SLF), then filed a Motion for Costs and Attorneys' Fees and Related Request for Hearing.[26] In that Motion, SLF asked for $880.77 in costs and $25,943.10 in attorneys' fees.[27]

SLF's costs request included postage, photocopying, service fees, and a filing fee.[28] "Defendant t[ook] no position on the . . . costs requested by" SLF.[29] Defendant did oppose SLF's fee request. Defendant argued that (1) this case should have been combined with two related cases

---

[17] Pls.' Br. in Supp. of Mot. for Costs and Att'ys' Fees & Related Req. for Hr'g (Doc. 58) at 6.

[18] *See id.*

[19] Joint Notice of Liability Settlement (Doc. 46).

[20] Joint Mot. for Approval of Liability Settlement (Doc. 48).

[21] Notice of Hr'g (Doc. 50).

[22] Min. Entry (Doc. 52).

[23] Order (Doc. 53); Judgment (Doc. 54).

[24] Joint Mot. for Referral to Magistrate Judge for Settlement Conference (Doc. 55).

[25] Order (Doc. 56).

[26] Doc. 57.

[27] *Id.* ¶¶ 5–6.

[28] Ex. 3 (Matter Expense Report) to Pls.' Mot. for Costs and Att'ys' Fees & Related Req. for Hr'g (Doc. 57-3).

[29] Def.'s Resp. to Pls.' Mot. for Costs and Att'ys' Fees (Doc. 59) at 9.

to create one "consolidated lawsuit,"[30] (2) if this case was on a 40% contingency fee basis, SLF would only receive $2,782.98, (3) SLF's requested hourly rates are too high, and (4) SLF's requested time is unreasonably high.[31] SLF then filed a Reply, in which it "concede[d] that [its] fee request could use some reductions" and attached a revised Billing Spreadsheet, seeking a smaller fee award.[32] A few examples of the revisions SLF made to its time claimed include "remov[ing] all billing for Attorneys Lydia Hamlet, Stacy Gibson and Steve Rauls," removing all billing in the "document drafting" category, and removing all billing for the filing of documents.[33] The reductions brought SLF's fee request down to $16,522.50.[34]

SLF relied on the lodestar method—which multiplies the number of hours reasonably expended on litigation by a reasonable hourly rate—to calculate the fees to which SLF claims it is entitled. SLF claims time billed by four attorneys and its paralegal.[35] The hourly rates requested, and the time and value claimed by each biller, are summarized in the table below.[36]

---

[30] Those two cases are *Brown v. Trinity Prop. Mgmt.*, Case No. 4:19-CV-617-LPR and *Bolin v. Trinity Prop. Mgmt.*, Case No. 4:20-CV-885-LPR.

[31] Def.'s Resp. to Pls.' Mot. for Costs and Att'ys' Fees (Doc. 59).

[32] Pls.' Reply in Supp. of Pls.' Mot. for Costs and Att'ys' Fees & Related Req. for Hr'g (Doc. 60) at 1; Ex. 1 (Revised Billing Spreadsheet) to Pls.' Reply in Supp. of Pls.' Mot. for Costs and Att'ys' Fees & Related Req. for Hr'g (Doc. 60-1) [hereinafter referred to as *Revised Billing Spreadsheet*]. At first, SLF filed its Reply without seeking leave of the Court to do so. Defendant moved to strike the Reply, arguing that Local Rule 54.1 does not allow for replies and that SLF should not be able to alter its time claimed after Defendant responded to the initial fees motion. Def.'s Mot. to Strike (Doc. 61). In response, SLF filed a Motion for Leave to File Reply in Support of Plaintiffs' Motion for Costs & Attorneys' Fees (Doc. 62). The Court granted SLF's Motion, noting that SLF's Reply would "be helpful in considering Plaintiffs' Motion for Attorneys' Fees" and that "Defendant's objection to Plaintiffs changing their timesheets after Defendant filed its Response [was] not particularly persuasive because Plaintiffs merely reduced their requested time." Order (Doc. 65). SLF then filed its Reply again. (Doc. 67).

[33] Pls.' Reply in Supp. of Pls.' Mot. for Costs and Att'ys' Fees & Related Req. for Hr'g (Doc. 67) at 7–8.

[34] *Id.* at 8–9. In its Reply, SLF did not change its requested hourly rates or costs. *See id.* at 6–9.

[35] *Id.* at 9.

[36] *Id.* SLF notes that it applied reductions to its time billed before submitting its original Motion. Pls.' Br. in Supp. of Mot. for Costs and Att'ys' Fees & Related Req. for Hr'g (Doc. 58) at 5–6. SLF's self-imposed reductions have no bearing on the Court's calculation of an appropriate attorneys' fee award in this case. *See Wolfe v. Affordable Rooter Serv., LLC*, No. 4:20-CV-156-LPR, 2022 WL 2352364, at *2 n.21 (E.D. Ark. Mar. 30, 2022) (stating that a lawyer's self-imposed reductions are not considered in an attorneys' fees calculation because "it is the duty of the requesting

| Billing Individual | Requested Hourly Rate | Time Claimed | Value Claimed |
|---|---|---|---|
| Josh Sanford | $383.00 | 5.5 | $2,106.50 |
| April Rhéaume | $230.00 | 40.7 | $9,361.00 |
| Samuel Brown | $150.00 | 7.3 | $1,095.00 |
| Courtney Lowery | $100.00 | 1.8 | $180.00 |
| Paralegal | $100.00 | 37.8 | $3,780.00 |
| Total | | 93.1 | $16,522.50 |

Additionally, SLF has categorized its time billed as follows.[37]

| Category | Time Claimed |
|---|---|
| Case Management | 10.7 |
| Client Communication | 22.4 |
| Complaint/Summons/Service | 2.0 |
| Conditional Certification | 12.5 |
| Court Communication | 0.3 |
| Damages Calculations | 8.9 |
| Discovery-Related Work | 18.5 |
| In-House Communication | 2.1 |
| Opposing Counsel Communication | 6.8 |
| Settlement-Related Work | 8.9 |
| Total | 93.1 |

While SLF claims 55.3 attorney hours, Defendant argues that only 41.3 attorney hours were reasonably expended.[38] While SLF claims 37.8 paralegal hours, Defendant argues that only 16.7 paralegal hours were reasonably expended.[39]

## DISCUSSION

Under the FLSA, a court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."[40]

---

party to make a good faith effort to exclude hours that are excessive, redundant, or otherwise unnecessary" (quoting *Oden v. Shane Smith Enters., Inc.*, 27 F.4th 631, 634 (8th Cir. 2022))).

[37] Pls.' Reply in Supp. of Pls.' Mot. for Costs and Att'ys' Fees & Related Req. for Hr'g (Doc. 67) at 8.

[38] *Id.* at 9; Def.'s Resp. to Pls.' Mot. for Costs and Att'ys' Fees (Doc. 59) at 4.

[39] Pls.' Reply in Supp. of Pls.' Mot. for Costs and Att'ys' Fees & Related Req. for Hr'g (Doc. 67) at 9; Def.'s Resp. to Pls.' Mot. for Costs and Att'ys' Fees (Doc. 59) at 4.

[40] 29 U.S.C. § 216(b).

5

To determine a reasonable fee award, the Eighth Circuit directs district courts to use the lodestar method, wherein the number of hours reasonably expended on litigation is multiplied by a reasonable hourly rate.[41] The court should "exclude hours that were not reasonably expended from its calculations."[42] The resulting product of the multiplication calculation serves as the lodestar—a starting point that may be adjusted "upward or downward on the basis of the results obtained."[43]

## I. Reasonable Costs

As noted above, the FLSA provides that a court "shall . . . allow . . . costs of the action" to be recouped by a prevailing plaintiff.[44] Given the nature of this case, the nature of the costs presented by SLF, and the absence of objection by the Defendant, the Court concludes that the costs requested by SLF are reasonable. SLF is therefore awarded $880.77 in costs.

## II. Reasonable Hourly Rates

"As a general rule, a reasonable hourly rate is the prevailing market rate, that is, 'the ordinary rate for similar work in the community where the case has been litigated.'"[45] In this case,

---

[41] *Vines v. Welspun Pipes Inc.*, 9 F.4th 849, 855 (8th Cir. 2021). Defendant suggests that the Court should employ the "percentage of the benefit approach" to calculate reasonable attorneys' fees in this case. Def.'s Resp. to Pls.' Mot. for Costs and Att'ys' Fees (Doc. 59) at 2–3. Defendant does not, however, provide any particular reason why that approach is superior to the lodestar approach in this case. The Court has discretion "to choose which method to apply" in calculating attorneys' fees. *In re Life Time Fitness, Inc., Telephone Consumer Protection Act (TCPA) Litig.*, 847 F.3d 619, 622 (8th Cir. 2017) (citation omitted). In line with this Court's prior cases, the Court will utilize the lodestar approach. *See, e.g.*, *Wolfe*, 2022 WL 2352364.

[42] *Vines*, 9 F.4th at 855 (quoting *Childress v. Fox Assocs., LLC*, 932 F.3d 1165, 1172 (8th Cir. 2019)).

[43] *Dean v. Bradford Ests., LLC*, No. 4:19-CV-00748-BSM, 2020 WL 8642227, at *1 (E.D. Ark. Nov. 24, 2020) (quoting *Wheeler v. Mo. Highway & Transp. Comm'n*, 348 F.3d 744, 754 (8th Cir. 2003)). A court may also consider the factors identified in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974). *See Vines*, 9 F.4th at 855. The *Johnson* factors include: "(1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases." *Hensley v. Eckerhart*, 461 U.S. 424, 429–30 & 430 n.3 (1983) (citing *Johnson*, 488 F.2d at 717–19).

[44] 29 U.S.C. § 216(b).

[45] *Beauford v. ActionLink, LLC*, No. 4:12-CV-00139-JLH, 2014 WL 183904, at *3 (E.D. Ark. Jan. 15, 2014) (quoting *Moysis v. DTG Datanet*, 278 F.3d 819, 828 (8th Cir. 2002)).

the requested hourly rates exceed the prevailing market rate. As noted in previous orders, judges in the Eastern and Western Districts of Arkansas routinely reject as unreasonable hourly rates of $300+ for Mr. Sanford and $200+ for more junior attorneys.[46] Based on its experience and knowledge of the local market and this District's precedent, the Court finds the following hourly rates (and nothing higher) to be reasonable: $250 for Mr. Sanford; $150 for Ms. Rhéaume; $125 for Mr. Brown; and $100 for Ms. Lowery and Paralegal.[47]

## III.   Reasonable Time Expended

After a careful, line-by-line review of SLF's requested time, the Court concludes that only the following hours billed by each SLF biller were reasonably expended.[48]

### A.  Josh Sanford

Mr. Sanford claims 5.5 hours of work on this case. Defendant argues that only 1.2 of Mr. Sanford's hours were reasonably expended.[49] For the reasons that follow, the Court concludes that 3.5 of Mr. Sanford's hours can reasonably be included in the lodestar calculation.[50]

---

[46] *See Wolfe*, 2022 WL 2352364, at *3 n.31 (collecting cases).

[47] *See Bonds v. Langston Cos., Inc.*, No. 3:18-CV-00189-LPR, 2021 WL 4130508, at *3 (E.D. Ark. Sept. 9, 2021) (finding that a reasonable hourly rate for Mr. Sanford is $250 and for Ms. Rhéaume is $150); *Skender v. Eden Isle Corp.*, No. 4:20-CV-00054-BRW, 2021 WL 2964991, at *4 (E.D. Ark. July 14, 2021) (finding that a reasonable hourly rate for Ms. Rhéaume is $150); *Wolfe*, 2022 WL 2352364, at *3 (finding that $125 is a reasonable hourly rate for Mr. Brown and $100 is a reasonable rate for paralegal). Although the Court has found $125 to be a reasonable hourly rate for Ms. Lowery in the past, SLF only requests $100 per hour for Ms. Lowery in this case. *See Wolfe*, 2022 WL 2352364, at *3; *supra* p. 5.

[48] Although Defendant argues that this case should have been brought jointly with two other related cases, *see supra* note 30 and accompanying text, the Court will evaluate the time entries for this case independent of the two other arguably related cases. Defendant has not pointed to any caselaw or legal doctrine that require separate plaintiffs to bring a joint lawsuit simply because they share a common theory of recovery and are suing the same defendant. Plaintiffs were free to formulate their litigation strategy as they saw fit, including filing their own lawsuit. Moreover, Defendant never requested to consolidate the three cases.

[49] Def.'s Resp. to Pls.' Mot. for Costs and Att'ys' Fees (Doc. 59) at 5.

[50] This includes 1.4 hours for case management; 0.5 hours for conditional certification; 0.6 hours for in-house communication; 0.9 hours for opposing counsel communication; and 0.1 hours for settlement-related work.

1. **Case Management**

Mr. Sanford claims 2.3 hours for "case management," which includes "reviewing orders related to scheduling, filing case documents, processing filed documents, contact with the clerk's office, and other work that is necessary to the procedural, rather than substantive, aspects of the case."[51] After carefully reviewing the entries line-by-line, the Court determines that 0.4 hours are duplicative of time claimed by Ms. Rhéaume for the same tasks.[52] Another 0.5 hours are accompanied by vague descriptions that leave the Court with no way to assess their reasonableness.[53] Duplicative and vague entries cannot be reasonably included in the lodestar calculation. After accounting for these reductions, the Court finds that only 1.4 hours for Mr. Sanford's "case management" work can reasonably be included in the lodestar calculation.

2. **Complaint/Summons/Service**

Mr. Sanford claims 0.1 hours for "complaint/summons/service," which includes "conducting preliminary investigations, drafting the initial Complaint in this case and doing the work involved in getting the case filed and served, including conferences with process servers and staff, as well as reviewing the Answer."[54] His time in this category was spent on "[e]xamination of filed complaint; initial judge assignment."[55] Defendant cannot reasonably be expected to shoulder the cost of SLF attorneys reviewing documents that SLF has filed (absent unusual

---

[51] Ex. 2 (Sanford Decl.) to Pls.' Mot. for Costs and Att'ys' Fees & Related Req. for Hr'g (Doc. 57-2) ¶ 43.

[52] *See Revised Billing Spreadsheet* at 1–3. For just one example, both Mr. Sanford and Ms. Rhéaume billed time for examining the Final Scheduling Order on September 4, 2020. *Id.* at 3.

[53] *See id.* at 8–9, 20–21. For example, Mr. Sanford billed for "[e]xamination of order" on June 29, 2021. *Id.* at 9. That tells the Court essentially nothing. SLF may, if it chooses, file a motion for reconsideration with adequate descriptions for the time entries the Court deems vague. If it does so, the Court will re-evaluate these entries. *See Wheeler*, 348 F.3d at 754 ("The onus is on the party seeking the award to provide evidence of the hours worked and the rate claimed."). This invitation applies to all entries found to be "vague" in this Order.

[54] Ex. 2 (Sanford Decl.) to Pls.' Mot. for Costs and Att'ys' Fees & Related Req. for Hr'g (Doc. 57-2) ¶ 35.

[55] *Revised Billing Spreadsheet* at 1.

circumstances not present here). Accordingly, all of Mr. Sanford's "complaint/summons/service" time is excluded.

### 3. Conditional Certification

Mr. Sanford claims 0.6 hours for "conditional certification," which includes time spent on the conditional certification motion and examining an opt-in plaintiff's consent to join.[56] 0.1 of the hours are accounted for with a vague description.[57] That time is excluded. The Court finds that the remaining 0.5 hours claimed by Mr. Sanford in this category are reasonable.

### 4. Court Communication

Mr. Sanford claims 0.3 hours for "court communication."[58] 0.1 hours are for emailing the Court regarding the status of Plaintiffs' conditional certification motion.[59] Such work is clerical in nature and is not compensable.[60] The remaining 0.2 hours are accompanied by vague descriptions.[61] These hours are also not compensable. Accordingly, none of Mr. Sanford's "court communication" time can be reasonably included in the lodestar calculation.

### 5. In-House Communication

Mr. Sanford claims 1.2 hours for "in-house communication," which includes "conferences

---

[56] *Id.* at 1, 3, 9.

[57] The vague entry billed was on June 2, 2020, and is described as "[e]diting and revision of CTJ." *Id.* at 1. Numerous individuals submitted consents to join in this case. *See supra* note 16. And there may be people who considered filing consents to join but ended up not doing so. The June 2, 2020 entry does not indicate which individual's consent to join constituted the work for which Mr. Sanford claims time. Without that information, the Court is unable to assess the reasonableness of the time claimed.

[58] *Revised Billing Spreadsheet* at 7, 20.

[59] *Id.* at 7.

[60] It may be that a particular email to chambers is not clerical work, but SLF provides no detail to support such a conclusion. SLF may, if it chooses, file a motion for reconsideration with more detailed descriptions. If it does so, the Court will re-evaluate the relevant entry or entries. *See Wheeler*, 348 F.3d at 754 ("The onus is on the party seeking the award to provide evidence of the hours worked and the rate claimed."). This invitation applies to all time claimed related to emails to and from chambers.

[61] *Revised Billing Spreadsheet* at 7, 20. For example, one Sanford entry on March 3, 2021, is for "[r]eceive, read and prepare response to email(s) from chambers." *Id.* at 7.

9

between [SLF attorneys]" and "time spent reviewing [i]ntra-[o]ffice [m]emos . . . ."[62] Defendant objects that SLF's overall hours claimed in this category are "excessive."[63] The Court agrees that not all of SLF's in-house communication entries are reasonable; but some in-house communication is reasonable because multiple SLF attorneys worked on this case. The Court has reviewed the time entries line-by-line. 0.6 hours are excluded because they include conferences or emails with individuals identified by unknown initials.[64] The remaining 0.6 hours in this category can be reasonably included in the lodestar calculation.

### 6. Opposing Counsel Communication

Mr. Sanford claims 0.9 hours for "opposing counsel communication."[65] Defendant makes no specific objection to Mr. Sanford's opposing counsel communication time claimed. After a line-by-line review of the time entries, the Court finds that Mr. Sanford can reasonably claim all 0.9 hours for "opposing counsel communication."

### 7. Settlement-Related Work

Mr. Sanford claims 0.1 hours for "settlement-related work," which includes examining emails from opposing counsel about the settlement.[66] After reviewing the time entry, the Court finds that the 0.1 hours can reasonably be included in the lodestar calculation.

---

[62] Ex. 2 (Sanford Decl.) to Pls.' Mot. for Costs and Att'ys' Fees & Related Req. for Hr'g (Doc. 57-2) ¶ 36.

[63] Def's. Resp. to Pls.' Mot. for Costs and Att'ys' Fees (Doc. 59) at 9 ("A firm should not be charging for writing or examining intra-office memos.").

[64] *See Revised Billing Spreadsheet* at 1, 5, 8–9. For example, one of Mr. Sanford's entries on May 29, 2020, is for "[c]onference with AS: case merits." *Id.* at 1. It is not clear who "AS" is, and "AS" does not match the initials of anyone who billed time for this case.

[65] *Id.* at 5, 7–8, 10, 17, 21.

[66] *Id.* at 17.

### B. April Rhéaume

Ms. Rhéaume claims 40.7 hours of work on this case.[67] Defendant argues that Ms. Rhéaume can only reasonably claim 30.3 hours.[68] For the following reasons, the Court finds that Ms. Rhéaume can reasonably claim 30.5 hours for work on this case.[69]

#### 1. Case Management

Ms. Rhéaume claims 2.1 hours for "case management," which includes "reviewing orders related to scheduling, filing case documents, processing filed documents, contact with the clerk's office, and other work that is necessary to the procedural, rather than substantive, aspects of the case."[70] After reviewing the entries line-by-line, the Court makes two reductions. First, the Court excludes 0.1 hours of work spent on a non-compensable clerical task.[71] Second, the Court excludes an additional 0.1 hours billed for conferencing with an individual identified by unknown initials.[72] After accounting for these reductions, the Court finds that Ms. Rhéaume can only reasonably claim 1.9 hours for "case management."

#### 2. Client Communication

Ms. Rhéaume claims 7.9 hours for "client communication."[73] 3.8 of these hours are

---

[67] Pls.' Reply in Supp. of Pls.' Mot. for Costs and Att'ys' Fees & Related Req. for Hr'g (Doc. 67) at 9.

[68] Def.'s Resp. to Pls.' Mot. for Costs and Att'ys' Fees (Doc. 59) at 5.

[69] This includes 1.9 hours for case management; 0.9 hours for client communication; 9.6 hours for conditional certification; 7 hours for damages calculations; 2.5 hours for discovery-related work; 0.6 hours for in-house communication; 3.9 hours for opposing counsel communication; and 4.1 hours for settlement-related work.

[70] Ex. 2 (Sanford Decl.) to Pls.' Mot. for Costs and Att'ys' Fees & Related Req. for Hr'g (Doc. 57-2) ¶ 43.

[71] The clerical task billed for was "[r]eceipt and review of court correspondence re: trial date change" on June 15, 2021. *Revised Billing Spreadsheet* at 8.

[72] This entry occurred on June 17, 2020, and was for a conference with "TF." *Id.* at 1. It is not clear who "TF" is, and "TF" does not match the initials of anyone who billed time for this case.

[73] *Id.* at 1–4, 6–7, 9, 15–19.

11

accounted for with redacted descriptions.[74] Without unredacted descriptions, the Court is unable to assess the reasonableness of this time. It is excluded from the lodestar calculation.[75] Another 3.2 hours claimed in this category are accompanied by vague descriptions.[76] Similar to redacted descriptions, the Court is unable to assess the reasonableness of time described with vague descriptions. Those 3.2 hours are excluded. After accounting for these reductions, the Court finds that Ms. Rhéaume can only reasonably claim 0.9 hours for "client communication."

### 3. Conditional Certification

Ms. Rhéaume claims 10.4 hours for "conditional certification," which includes time spent on client declarations, consents to join, Plaintiffs' Motion for Conditional Certification, and exhibits to the Motion for Conditional Certification.[77] The Court excludes 0.8 of these hours because the time entries are vague.[78] After accounting for the reductions, the Court finds that only 9.6 "conditional certification" hours can reasonably be included in the lodestar calculation.

### 4. Damages Calculations

Ms. Rhéaume claims 8.9 hours for "damages calculations."[79] This includes time spent calculating damages for the named plaintiffs, for the opt-in plaintiffs, and the settlement allocation

---

[74] *Id.* at 1–2, 4, 6, 16–17, 19. For example, one of Ms. Rhéaume's "client communication" entries on February 1, 2022, is for "Telephone Conference(s) between Attorney and Client Charlton re: ATTORNEY-CLIENT PRIVILEGE." *Id.* at 19.

[75] SLF may, if it chooses, file a motion for reconsideration with unredacted descriptions (filed *ex parte* and under seal) for its time spent. If it does so, the Court will re-evaluate these entries. *See Wheeler*, 348 F.3d at 754 ("The onus is on the party seeking the award to provide evidence of the hours worked and the rate claimed."). This invitation applies to all entries redacted for reasons of privilege.

[76] *Revised Billing Spreadsheet* at 3, 7, 9, 15–19. For example, Ms. Rhéaume billed 0.2 hours on July 22, 2021, for "Telephone Conference(s) between Attorney and Client Tavaris Porter." *Id.* at 9. The entry is vague because it does not include what the telephone conference was about. Without that information, the Court is unable to assess the reasonableness of the entry.

[77] *Id.* at 3–5, 8–10.

[78] *Id.* at 9–10. For example, Ms. Rhéaume billed 0.1 hours on July 13, 2021, for "[r]eceipt and review of CTJs x3." *Id.* at 9. *See supra* note 57.

[79] *See Revised Billing Spreadsheet* at 16–18.

12

among Plaintiffs.[80] Although some damages calculations are necessary to litigating an FLSA case, 8.9 hours is excessive.[81] Further, one of Ms. Rhéaume's entries in this category is clerical in nature.[82] After reviewing the time entries line-by-line, the Court finds that Ms. Rhéaume could have reasonably spent 7 hours (and no more) on damages calculations in this case.

### 5. Discovery-Related Work

Ms. Rhéaume claims 2.5 hours for "discovery-related work," which includes "more formal discovery such as completing initial disclosures, responding to [i]nterrogatories and [r]equests for [p]roduction of [d]ocuments, . . . as well as more informal types of discovery, such as fact investigation and internet searches."[83] Specifically, Ms. Rhéaume spent her time in this category drafting responses to Defendant's propounded discovery and reviewing discovery responses from Defendant.[84] After reviewing the time entries line-by-line, the Court finds that Ms. Rhéaume can reasonably claim all 2.5 hours for "discovery-related work."

### 6. In-House Communication

Ms. Rhéaume claims 0.9 hours for "in-house communication," which includes time spent emailing and conferencing with other SLF attorneys about case strategy and court appearances.[85] Defendant objects that SLF's overall hours claimed in this category are "excessive."[86] After reviewing the time entries line-by-line and considering the minimal "in-house communication"

---

[80] *Id.*

[81] *See Wolfe*, 2022 WL 2352364, at *4 (finding that only 5.60 hours were reasonably expended for "damages calculations" in an FLSA case with three plaintiffs).

[82] The clerical task billed for was "set up data entry spreadsheet" on November 15, 2021. *Revised Billing Spreadsheet* at 17.

[83] Ex. 2 (Sanford Decl.) to Pls.' Mot. for Costs and Att'ys' Fees & Related Req. for Hr'g (Doc. 57-2) ¶ 40.

[84] *Revised Billing Spreadsheet* at 5, 7, 10–11, 14–15.

[85] *Id.* at 1, 4, 9, 18, 20.

[86] Def's. Resp. to Pls.' Mot. for Costs and Att'ys' Fees (Doc. 59) at 9.

time claimed by other SLF attorneys, the Court finds that the hours claimed by Ms. Rhéaume in this category are not excessive. But 0.3 of the hours claimed are for conferences with individuals identified by unknown initials.[87] Those 0.3 hours are excluded. The remaining 0.6 hours claimed can reasonably be included in the lodestar calculation.

### 7. Opposing Counsel Communication

Ms. Rhéaume claims 3.9 hours for "opposing counsel communication."[88] Most of this time was spent corresponding with opposing counsel about settlement, discovery, and joint or unopposed motions. Defendant makes no specific objection to Ms. Rhéaume's time claimed in this category. After reviewing the time entries, the Court finds that all 3.9 hours can reasonably be claimed.

### 8. Settlement-Related Work

Ms. Rhéaume claims 4.1 hours for "settlement-related work," which includes time spent corresponding with opposing counsel, calculating damages, and preparing settlement demands and responses to counteroffers.[89] After a careful line-by-line review, the Court finds that all 4.1 hours can reasonably be claimed by Ms. Rhéaume in this category.

### C. Samuel Brown

Mr. Brown claims 7.3 hours of work on this case. Defendant argues that Mr. Brown can only reasonably claim 6.6 hours.[90] For the following reasons, the Court finds that 6.7 hours may

---

[87] *Revised Billing Spreadsheet* at 4, 9, 18. For example, Ms. Rhéaume billed 0.1 hours on October 6, 2020, for "[c]onference with SDG . . . ." *Id.* at 4. "SDG" does not match the initials of anyone who billed time for work on this case.

[88] *Id.* at 1, 3, 5–10, 14–16, 20–21.

[89] *Id.* at 15–17.

[90] Def.'s Resp. to Pls.' Mot. for Costs and Att'ys' Fees (Doc. 59) at 5.

reasonably be claimed by Mr. Brown.[91]

### 1. Case Management

Mr. Brown claims 1.6 hours for "case management," which includes preparing for a hearing and reviewing the Court's Order approving the settlement.[92] After reviewing the time entries line-by-line, the Court finds that these hours can be reasonably included in the lodestar calculation.

### 2. Client Communication

Mr. Brown claims 0.7 hours for "client communication."[93] Two of Mr. Brown's "client communication" time entries, accounting for 0.5 hours, are described with redacted descriptions.[94] The redactions leave the Court with no way to assess the reasonableness of the time entries. They are excluded. The remaining 0.2 hours were spent communicating with the Court regarding materials for Plaintiffs' motion for approval of the settlement.[95] The Court finds that these 0.2 hours can be reasonably included in the lodestar calculation.

### 3. Opposing Counsel Communication

Mr. Brown claims 1.4 hours for "opposing counsel communication," which primarily includes communication with opposing counsel regarding settlement.[96] Defendant makes no specific objection to Mr. Brown's time claimed in this category. After reviewing the time entries line-by-line, the Court finds that all of Mr. Brown's "opposing counsel communication" time

---

[91] This includes 1.6 hours for case management; 0.2 hours for client communication; 1.4 hours for opposing counsel communication; and 3.5 hours for settlement-related work.

[92] *Revised Billing Spreadsheet* at 20.

[93] *Id.* at 19, 21.

[94] *Id.* at 19.

[95] *Id.* at 21.

[96] *Id.* at 18–21.

15

claimed is reasonable.

### 4. Settlement-Related Work

Mr. Brown claims 3.6 hours for "settlement-related work," which includes time spent editing and revising the settlement agreement, correspondence with opposing counsel regarding the settlement agreement, preparing for and participating in a court appearance, and revising a consolidation motion.[97] After reviewing the entries line-by-line, the Court excludes 0.1 hours claimed for editing and revising a motion to consolidate because such a motion was never filed in this case.[98] The Court finds that the remaining 3.5 hours can reasonably be claimed in this category by Mr. Brown.

### D. Courtney Lowery

Ms. Lowery claims 1.8 hours of work on this case. Defendant makes no specific objection to the time Ms. Lowery claims.[99] All of Ms. Lowery's work on this case related to preparing Plaintiffs' Complaint, civil lawsuit cover sheet, and summons.[100] After a line-by-line review, the Court finds that all 1.8 hours can be reasonably included in the lodestar calculation.

### E. Paralegal

SLF claims 37.8 paralegal hours for work on this case. Defendant asserts that only 16.7 of these hours are reasonable.[101] For the following reasons, the Court finds that 23.4 of SLF's claimed paralegal hours can be reasonably included in the lodestar calculation.[102]

---

[97] *Id.* at 18, 20–21.

[98] *Id.* at 21. There is no suggestion that the motion was not filed due to settlement.

[99] Def.'s Resp. to Pls.' Mot. for Costs and Att'ys' Fees (Doc. 59) at 5.

[100] *Revised Billing Spreadsheet* at 1.

[101] Def.'s Resp. to Pls.' Mot. for Costs and Att'ys' Fees (Doc. 59) at 5.

[102] This includes 4.5 hours for case management; 0.1 hours for complaint/summons/service; 1.3 hours for conditional certification; 15.9 hours for discovery-related work; 0.6 hours for opposing counsel communication; and 1 hour for settlement-related work.

### 1. Case Management

SLF claims 4.7 paralegal hours for "case management," which includes "reviewing orders related to scheduling, filing case documents, processing filed documents, contact with the clerk's office, and other work that is necessary to the procedural, rather than substantive, aspects of the case."[103] After reviewing the time entries line-by-line, the Court makes two reductions. First, the Court excludes 0.1 hours that are for work that is clerical in nature and not compensable.[104] Second, the Court excludes 0.1 hours for which the description is vague.[105] After accounting for these reductions, the Court finds that SLF can reasonably claim only 4.5 paralegal hours for "case management."

### 2. Client Communication

SLF claims 13.8 paralegal hours for "client communication."[106] 11.7 of these hours are accounted for by entries with redacted descriptions.[107] The Court is unable to assess the reasonableness of entries that lack complete descriptions. Those 11.7 hours are excluded. Additionally, 2.1 hours are accompanied by vague descriptions.[108] As with redacted descriptions, vague descriptions provide the Court with no way to assess the reasonableness of the time claimed. Those 2.1 hours are excluded. After accounting for the reductions, the Court finds that SLF cannot reasonably claim any paralegal hours for "client communication."

---

[103] Ex. 2 (Sanford Decl.) to Pls.' Mot. for Costs and Att'ys' Fees & Related Req. for Hr'g (Doc. 57-2) ¶ 43.

[104] The entry for the clerical task was for "updat[ing] case deadlines in Salesforce" on September 29, 2021. *Revised Billing Spreadsheet* at 13.

[105] The vague entry occurred on August 17, 2021, and was for "text[ing] Casey Ketchum in response to request for status update." *Id.* at 9.

[106] *Id.* at 3–15, 18–21.

[107] *Id.* at 3–7, 10, 12–15, 19.

[108] *See id.* at 7–12, 15, 18–21. For example, the March 3, 2021 paralegal entry is described as a telephone conference "with George Lucas re: status." *Id.* at 7.

### 3. Complaint/Summons/Service

SLF claims 0.1 paralegal hours for "complaint/summons/service," which includes time spent preparing the First Amended Complaint.[109] After reviewing the entry, the Court finds that the time spent is reasonable. Accordingly, SLF can reasonably claim all 0.1 paralegal hours for "complaint/summons/service."

### 4. Conditional Certification

SLF claims 1.5 paralegal hours for "conditional certification," which includes time spent drafting consents to join and declarations.[110] The Court excludes 0.2 hours because the entry description is vague.[111] After accounting for this reduction, the Court finds that SLF can reasonably claim only 1.3 paralegal hours for "conditional certification."

### 5. Discovery-Related Work

SLF claims 16 paralegal hours for "discovery-related work," which includes "more formal discovery such as completing initial disclosures, responding to [i]nterrogatories and [r]equests for [p]roduction of [d]ocuments, as well as more informal types of discovery, such as fact investigation and internet searches."[112] The Court excludes 0.1 paralegal hours spent on a clerical task.[113] After a line-by-line review of the remaining hours, the Court finds that SLF can reasonably claim 15.9 paralegal hours for "discovery-related work."

### 6. Opposing Counsel Communication

SLF claims 0.6 paralegal hours for "opposing counsel communication," which includes

---

[109] *Id.* at 2.

[110] *Id.* at 4, 9–10.

[111] These 0.2 hours were billed on July 23, 2021, for "[p]reparation and drafting of CTJ." *Id.* at 9. *See supra* note 57.

[112] Ex. 2 (Sanford Decl.) to Pls.' Mot. for Costs and Att'ys' Fees & Related Req. for Hr'g (Doc. 57-2) ¶ 40.

[113] The clerical task the SLF paralegal billed for was "[r]eceipt and review of e-mail correspondence from Gary Looney re: updated contact information" on December 1, 2020. *Revised Billing Spreadsheet* at 6.

emailing Plaintiffs' discovery responses to opposing counsel.[114] After reviewing the time entries, the Court finds that this time spent is reasonable and includes it in the lodestar calculation.

### 7. Settlement-Related Work

SLF claims 1.1 paralegal hours for "settlement-related work," which includes time spent drafting and filing the joint notice of settlement and the settlement agreement, and collecting plaintiff-signed settlement documents.[115] The Court excludes 0.1 hours as duplicative of other time claimed.[116] After accounting for this reduction, the Court finds that SLF can only reasonably claim 1 paralegal hour for "settlement-related work."

## IV. Lodestar Calculation

Based on the foregoing, the Court concludes that SLF is entitled to $8,807.50 in fees. The Court reaches that number by multiplying the reasonable hourly rate for each biller by the reasonable time expended by each biller and then adding the totals.[117] The table below demonstrates these calculations.

| Billing Individual | Reasonable Hourly Rate | Reasonable Time | Reasonable Value |
|---|---|---|---|
| Josh Sanford | $250.00 | 3.5 | $875.00 |
| April Rhéaume | $150.00 | 30.5 | $4,575.00 |
| Samuel Brown | $125.00 | 6.7 | $837.50 |
| Courtney Lowery | $100.00 | 1.8 | $180.00 |
| Paralegal | $100.00 | 23.4 | $2,340.00 |
| Total | | 65.9 | $8,807.50 |

This was an ordinary FLSA case. The Court finds that $8,807.50 of attorneys' fees is reasonable. No further reduction or enhancement is necessary, even if the *Johnson* factors are considered. An

---

[114] *Id.* at 15.

[115] *Id.* at 17, 19.

[116] The duplicative entry is for "[p]reparation and drafting of Joint Notice of Settlement" on November 15, 2021. *Id.* at 17. It is duplicative of time claimed by Ms. Rhéaume for the same task on the same day. *Id.*

[117] *See supra* Discussion Sections II and III.

$8,807.50 attorneys' fee is not so out of proportion to a $6,957.45 settlement recovery to raise red flags under *Johnson* or cases that emphasize the significance of the amount of recovery to a fee determination.[118]

## CONCLUSION

The Court awards SLF $880.77 in costs and $8,807.50 in attorneys' fees. Plaintiffs' Motion for Costs and Attorneys' Fees is GRANTED in part and DENIED in part.[119]

IT IS SO ORDERED this 29th day of March 2023.

_____
LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE

---

[118] The Court recognizes that a contingency fee of 40% would have resulted in a smaller number. But, especially in low-dollar cases, that is not surprising nor is it a reason on its own to reduce a lodestar calculation total. Nonetheless, if there is a motion for reconsideration, and if the lodestar increases significantly, the Court may revisit its conclusion that the lodestar is not so out of proportion to the recovery as to raise red flags.

[119] Plaintiffs' request for a hearing is DENIED. *See* Pls.' Mot. for Costs and Att'ys' Fees & Related Req. for Hr'g (Doc. 57) ¶ 10. The Court can resolve Plaintiffs' Motion with the benefit of the parties' briefs. The Court does not see a need for a hearing. *See Miller v. Dugan*, 764 F.3d 826, 830 (8th Cir. 2014) (holding that the district court was within its discretion to rule on attorneys' fees motion without an evidentiary hearing).